

EXHIBIT A

STATE OF MAINE                                                SUPERIOR COURT
CUMBERLAND, ss.                                      CIVIL ACTION
                                                                          Docket No. CV-22-

GREGORY FOX,
    and
RITA FOX

Individually and as Parents of C.F.

        Plaintiffs

-vs-                                                              **COMPLAINT**

STATE OF MAINE,
MAINE DEPARTMENT OF EDUCATION,
COMMISSIONER PENDER MAKIN,
MAINE SCHOOL ADMINISTRATIVE
DISTRICT 51,
SUPERINTENDENT JEFFREY PORTER,
PRINCIPAL SALLY LOUGHLIN, and
VICE PRINCIPAL COREY MUNSEY

Individually and in their Official Capacities

        Defendants

        NOW COME Plaintiffs Gregory Fox and Rita Fox, individually and as parents of C.F., and hereby assert the following claims against Defendants State of Maine, the Maine Department of Education, Commissioner Pender Makin, Maine School Administrative District 51, Superintendent Jeffrey Porter, Principal Sally Loughlin, and Vice Principal Corey Munsey, individually and in their official capacities:

## A. JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §1983.

2. The Plaintiffs seek equitable relief, damages, attorney's fees, expert fees, and costs pursuant to Title 42 U.S.C. §§1983 and 1988.

3. This court has subject matter jurisdiction over this action pursuant to Title 14 M.R.S. §105 and Maine -v.- Thiboutot, 488 U.S. 1, 109 S.Ct. 2502 (1980).

4. This court has personal jurisdiction over the Defendants pursuant to Title 14 M.R.S. §704-A.

5. Venue is proper in Cumberland County pursuant to Title 14 M.R.S. §501.

## B. THE PARTIES

6. Plaintiffs Gregory and Rita Fox are residents of the Town of Cumberland, County of Cumberland, and State of Maine.

7. The Plaintiffs are the parents of C.F.

8. C.F. is 7 years old and will be entering the second grade in August of 2022.

9. Defendant State of Maine is a sovereign state and governmental entity, headquartered in the City of Augusta, County of Kennebec, and State of Maine.

10. Defendant Maine Department of Education is an agency of Defendant State of Maine, headquartered in the City of Augusta, County of Kennebec, and State of Maine, and is responsible for implementing and enforcing Maine laws concerning education in the State of Maine.

11. Defendant Peter Makin is the Commissioner of the Maine Department of Education and, as such, is ultimately responsible for implementing and enforcing Maine laws concerning education in the State of Maine.

12. Defendant School Administrative District 51 ("MSAD 51") is the governmental entity that governs the public schools in the Town of Cumberland, State of Maine.

13. Defendant Jeffrey Porter is the head of MSAD 51 and is the Superintendent of Schools in the Town of Cumberland, State of Maine.

14. At all times relevant to this action, Defendant Sally Loughlin was the principal of the Mabel I. Wilson Elementary School in the Town of Cumberland, State of Maine.

15. At all times relevant to this action, Defendant Corey Munsey was the vice principal of the Mabel I. Wilson Elementary School in the Town of Cumberland, State of Maine.

### C. FACTUAL BACKGROUND

16. Maine law, Title 20-A M.R.S. §6355, provides, in pertinent part:

    "A superintendent may not permit any child to be enrolled in or to attend school without a certificate of immunization for each disease or other acceptable evidence of required immunization or immunity against the disease..."

17. Pursuant to their joint rulemaking authority, Defendant Maine Department of

Education and the Maine Center for Disease Control have listed 10 diseases as "diseases" against which a student must be vaccinated.

18. Title 20-A M.R.S. §6355 lists two permanent exceptions to the vaccination requirement:

> A. If the child has a written statement from a licensed medical provider that it would be medically inadvisable for the child to take a vaccination [exemption 2]; or
>
> B. If the child was covered by an individualized education plan on September 1, 2021 and had been granted a philosophical or religious exemption by that date [exemption 4].

19. Previously, the statute provided that any student could be exempted from the vaccination requirement for philosophical or religious reasons [exemption 3]. However, that exemption was deleted from the state statute on September 1, 2021.

20. While the state statutory exemption for religious objections was deleted from Maine law, the change in that statute did not, and could not, delete the Freedom of Religion clause from the First Amendment to the U.S. Constitution.

21. However, Defendants Makin and the Maine Department of Education have told the other Defendants, and all other educators in this State, that children can no longer get religious exemptions to the vaccination requirement.

22. The Plaintiffs have sincerely held religious convictions that prevent them from having C.F. get vaccinated.

23. C.F. went to Mabel I. Wilson Elementary School for kindergarten during the 2000-2021 school year, and was granted a religious exemption from taking the vaccinations that school year.

24. C.F. was enrolled at the Mabel I. Wilson Elementary School for the first grade during the 2021-2022 school year.

25. However, Defendants Principal Sally Loughlin and Vice Principal Corey Munsey denied the Plaintiffs a religious exemption for C.F., stating that religious exemptions were no longer allowed under state law, and refused to let C.F. attend school for the 2021-2022 school year.

26. Furthermore, in May of 2022 Defendant Superintendent Jeffrey Porter "unenrolled" C.F. from the Mabel I. Wilson Elementary School, with the explanation that Maine law had changed and that students could no longer get religious exemptions from the vaccination requirement.

27. Defendants Loughlin, Munsey, and Porter have told the Plaintiffs that C.F. cannot enroll in or attend the Mabel I. Wilson Elementary School until he gets his vaccinations, and that he cannot get a religious exemption to the vaccination requirement.

28. Because of the Plaintiffs' religious convictions and their refusal to have C.F. get the 15 doses of vaccines required, the Defendants have refused to allow C.F. to enroll in public school.

29. The Plaintiffs have made Defendants Loughlin, Munsey, Porter, and MSAD 51

aware of their religious convictions and have requested a religious exemption for C.F. under the First and Fourteenth Amendments to the U.S. Constitution, but the Defendants say they cannot grant C.F. a religious exemption because Title 20-A M.R.S. §6355 does not allow it.

30. However, the Defendants are not requiring C.F.'s brother and several other students, who have raised philosophical or religious objections to the vaccinations, and who had individualized education plans in place by September 1, 2021, to get the vaccinations before coming to school.

31. C.F. has attention deficit disorder, like his brother, and would qualify for an individualized education plan, if he was allowed to be enrolled in school and was tested.

32. In addition, the Defendants are not requiring students with medical conditions to get vaccinations before coming to school.

33. In addition, the Defendants are not requiring teachers, principals, school staff, janitors, volunteers, visitors, and other non-students to get the vaccinations before coming to school.

### D. LEGAL CLAIMS

### Count I. - Freedom of Religion / Religious Discrimination

34. Title 20-A M.R.S. §6355 is not generally applicable to all people similarly situated.

35. The plain language of Title 20-A M.R.S. §6355 violates the First and Fourteenth Amendments to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Freedom of Religion.

36. The manner in which the Defendants are interpreting Title 20-A M.R.S. §6355 violates the First and Fourteenth Amendments to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Freedom of Religion.

37. The manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 violates the First and Fourteenth Amendments to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Freedom of Religion.

38. The manner in which the Defendants are interpreting and/or enforcing Title 20-A M.R.S. §6355's vaccination requirement against C.F. constitutes religious discrimination and violates the Plaintiffs' First and Fourteenth Amendment rights to Freedom of Religion.

39. The Defendants have no compelling interest to engage in such religious discrimination, nor have they enforced Title 20-A M.R.S. §6355 in a manner that is narrowly-tailored to achieve any such interest.

40. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not survive strict scrutiny, and is therefore unconstitutional.

41. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not even survive rational basis scrutiny, and is therefore unconstitutional.

42. As a proximate result of the Defendants' religious discrimination and/or violation of the Plaintiffs' First and Fourteenth Amendment rights, the Plaintiffs have sustained damages, including but not limited to:

    a. Loss of income;
    b. Expenses to enroll C.F. in private school; and
    c. Expenses to transport C.F. to and from his private school.

WHEREFORE, the Plaintiffs request that the Court find that Title 20-A M.R.S. §6355 is unconstitutional on its face, or is unconstitutional as applied against the Plaintiffs. Further, the Plaintiffs request that the Defendants be ordered to allow C.F. to enroll at Mabel I. Wilson Elementary School and that they be enjoined from requiring him to get the required vaccinations.

IN ADDITION, the Plaintiffs demand judgment against the Defendants in an amount that is fair and reasonable to compensate them for their injuries and damages, with interest and costs.

FINALLY, the Plaintiffs seek an award of attorney's fees and expert fees under Title 42 U.S.C. §1988.

## Count II. - Equal Protection

43. Title 20-A M.R.S. §6355 is not generally applicable to all people similarly situated.

44. The plain language of Title 20-A M.R.S. §6355 violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution, and violates the Plaintiffs' Fourteenth Amendment right to Equal Protection.

45. The manner in which the Defendants are interpreting Title 20-A M.R.S. §6355 violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution, and violates the Plaintiffs' Fourteenth Amendment rights to Equal Protection.

46. The manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 violates the Equal Protection clause of the Fourteenth Amendment to the U.S. Constitution, and violates the Plaintiffs' First and Fourteenth Amendment rights to Equal Protection.

47. The manner in which the Defendants are interpreting and/or enforcing Title 20-A M.R.S. §6355's vaccination requirement against C.F. constitutes religious discrimination and violates the Plaintiffs' Fourteenth Amendment right to Equal Protection.

48. The Defendants have no compelling interest to engage in such religious discrimination, nor have they enforced Title 20-A M.R.S. §6355 in a manner that is narrowly-tailored to achieve any such interest.

49. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not survive strict scrutiny, and is therefore unconstitutional.

50. Title 20-A M.R.S. §6355 and/or the manner in which the Defendants are enforcing Title 20-A M.R.S. §6355 does not even survive rational basis scrutiny, and is therefore unconstitutional.

51. As a proximate result of the Defendants' religious discrimination and/or violation of the Plaintiffs' Fourteenth Amendment Equal Protection rights, the Plaintiffs have sustained damages, including but not limited to:

    a. Loss of income;

    b. Expenses to enroll C.F. in private school; and

    c. Expenses to transport C.F. to and from his private school.

WHEREFORE, the Plaintiffs request that the Court find that Title 20-A M.R.S. §6355 is unconstitutional on its face, or is unconstitutional as applied against the Plaintiffs. Further, the Plaintiffs request that the Defendants be ordered to allow C.F. to enroll at Mabel I. Wilson Elementary School and that they be enjoined from requiring him to get the required vaccinations.

IN ADDITION, the Plaintiffs demand judgment against the Defendants in an amount that is fair and reasonable to compensate them for their injuries and damages, with interest and costs.

FINALLY, the Plaintiffs seek an award of attorney's fees and expert fees under Title 42 U.S.C. §1988.

Dated at Portland, Maine this 22 day of July, 2022.

By: _____
Stephen C. Whiting, Bar No. 559
Attorney for the Plaintiffs

CONTAINS NONPUBLIC DIGITAL INFORMATION

# MAINE JUDICIAL BRANCH

This summary sheet and the information it contains do not replace or supplement the filing and service of pleadings or other papers as required by the Maine Rules or by law. This form is required for the Clerk of Court to initiate or update the civil docket. The information on this summary sheet is subject to the requirements of M. R. Civ. P. 11.

**I. COUNTY OF FILING OR DISTRICT COURT JURISDICTION** ("X" the appropriate box and enter the County or location)
- [X] Superior Court County: __Cumberland__
- [ ] District Court Location (city/town): _____

**II. NATURE OF THE FILING**
- [X] Initial Complaint
- [ ] Third-Party Complaint
- [ ] Cross-Claim or Counterclaim
- [ ] Reinstated or Reopened case
Docket No.: _____
*If filing a second or subsequent Money Judgment Disclosure, give the docket number of the first disclosure.)*

**Initial Complaint:** A complaint filed as an original proceeding. A filing fee is required.
**Third-Party Complaint:** An original defendant's action against a third party that was not part of the original proceeding. A filing fee is required.
**Cross-Claim:** An original defendant's claim against another original defendant. No additional fee is required.
**Counterclaim:** An original defendant's claim against an opposing party. No additional fee is required.
**Reinstated or Reopened Case:** Money Judgment Disclosures or post-judgment motions.

**III.** [ ] REAL ESTATE OR TITLE TO REAL ESTATE IS INVOLVED

**IV. MOST DEFINITIVE NATURE OF ACTION**
("X" in ONE box. If the case fits more than one nature of action, select the <u>one</u> that best describes the cause of action.)

GENERAL CIVIL
**Constitutional/Civil Rights**
- [X] Constitutional/Civil Rights

**Contract**
- [ ] Debt Collection brought by a debt collector as defined by 32 M.R.S. § 11002 *(Contract Case Cover Sheet (CV-261) must be attached)*
- [ ] Other Contract *(Contract Case Cover Sheet (CV-261) must be attached)*

**Declaratory/Equitable Relief**
- [ ] Declaratory Judgment
- [ ] General Injunctive Relief
- [ ] Other Equitable Relief

**Non-Personal Injury Torts**
- [ ] Auto Negligence
- [ ] Libel/Defamation
- [ ] Other Negligence
- [ ] Other Non-Personal Injury Tort

**Personal Injury Torts**
- [ ] Assault/Battery
- [ ] Auto Negligence
- [ ] Domestic Tort
- [ ] Medical Malpractice
- [ ] Other Negligence
- [ ] Other Personal Injury Tort
- [ ] Product Liability
- [ ] Property Negligence

**Statutory Actions**
- [ ] Freedom of Access
- [ ] Other Statutory Action
- [ ] Unfair Trade Practice

**Miscellaneous Civil**
- [ ] Administrative Warrant
- [ ] Appointment of Receiver
- [ ] Arbitration Awards
- [ ] Common Law Habeas Corpus
- [ ] Drug Forfeiture
- [ ] Foreign Deposition
- [ ] Foreign Judgments
- [ ] HIV Testing
- [ ] Land Use Enforcement (80K)
- [ ] Minor Settlements
- [ ] Other Civil
- [ ] Other Forfeiture/Property Libel
- [ ] Pre-Action Discovery
- [ ] Prisoners Transfers
- [ ] Shareholders' Derivative Action

APPEALS (ADR EXEMPT)
- [ ] Administrative Agency (80C)
- [ ] Governmental Body (80B)
- [ ] Other Appeal

REAL ESTATE
**Foreclosures**
- [ ] Foreclosure (ADR exempt)
- [ ] Foreclosure (Diversion eligible)
- [ ] Foreclosure (Other)

**Title Actions**
- [ ] Boundary
- [ ] Easement
- [ ] Eminent Domain
- [ ] Quiet Title

**Miscellaneous Real Estate**
- [ ] Abandoned Road
- [ ] Adverse Possession
- [ ] Equitable Remedy
- [ ] Mechanics Lien
- [ ] Nuisance
- [ ] Other Real Estate
- [ ] Partition
- [ ] Trespass

CHILD PROTECTIVE CUSTODY
- [ ] Non-DHHS Protective Custody

SPECIAL ACTIONS
- [ ] Money Judgment Disclosure

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

**V.  M.R. Civ. P. 16B ALTERNATIVE DISPUTE RESOLUTION (ADR)**

☐ I certify that pursuant to M.R. Civ. P. 16B(b), this case is exempt from a required ADR process because ("X" one box below):

☐ It falls within an exemption listed above (it is an appeal or an action for non-payment of a note in a secured transaction).

☐ The plaintiff or defendant is incarcerated in a local, state, or federal facility.

☐ The parties have participated in a statutory pre-litigation screening panel process with (name of panel chair) _____ that concluded on (date of panel finding - mm/dd/yyyy) _____.

☐ The parties have participated in a formal ADR process with (name of neutral) _____ on (date – mm/dd/yyyy) _____.

☐ The plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption.

☐ The action does not include ADR pursuant to M.R. Civ. P. 16(a)(1).

☐ There is other good cause for an exemption and the plaintiff has filed a motion for exemption.

**VI.  PARTY AND ATTORNEY CONTACT INFORMATION**

If you need additional space, list additional parties on an attachment and note "see attachment" in the appropriate section.

**Please note:** If a party is a government agency, use the full agency name or the standard abbreviation. If the party is an official within a government agency, identify the agency first and then the official, giving both name and title.

**(a) PLAINTIFF(S)**

("X" the box below to indicate the party type associated with the filing)

☒ Plaintiff(s)
☐ Third-Party Plaintiff(s)
☐ Counterclaim Plaintiff(s)
☐ Cross-Claim Plaintiff(s)

Is the plaintiff a prisoner in a local, state, or federal facility? ☐ Yes ☒ No

Name (first, middle initial, last): Gregory Fox
Mailing address (include county): 14 Windsor Lane
Cumberland Center, ME  04021
Telephone: 450-4874
Email: DrGregoryFox@ClearHealthcareEstimates.com

Name (first, middle initial, last): Rita Fox
Mailing address (include county): 14 Windsor Lane
Cumberland Center, ME  04021
Telephone: 450-4874
Email: DrGregoryFox@ClearHealthcareEstimates.com

**(b) ATTORNEY(S) FOR PLAINTIFF(S)**

If there are multiple attorneys, indicate the lead attorney. If all counsel do not represent ALL plaintiffs, specify which plaintiff(s) the listed attorney(s) represents.

Name and bar number: Stephen C. Whiting   Bar No. 559
Firm name: The Whiting Law Firm
Mailing Address: 75 Pearl Street, Suite 207
Portland, ME  04101
Telephone: 780-0681
Email: steve@whitinglawfirm.com

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

## MAINE JUDICIAL BRANCH

Name and bar number: _____
Firm name: _____
Mailing Address: _____

Telephone: _____
Email: _____

### (c) DEFENDANT(S)

*("X" the box below to indicate the party type associated with the filing)*
☒ Defendant(s)
☐ Third-Party Defendant(s)
☐ Counterclaim Defendant(s)
☐ Cross-Claim Defendant(s)

Is the defendant a prisoner in a local, state, or federal facility? ☐ Yes ☒ No

Name (*first, middle initial, last*): See attached list
Mailing address (*include county*): _____

Telephone: _____
Email: _____

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____

Telephone: _____
Email: _____

### (d) ATTORNEY(S) FOR DEFENDANT(S)

If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL defendants, specify which defendant(s) the listed attorney(s) represents.*

Name and bar number: Aaron M. Frey, AG   Bar No. 4325   for Defendants 1, 2, and 3
Firm name: Maine Attorney General's Office
Mailing Address: 6 State House Station
Augusta, ME 04333-0006
Telephone: 626-8800
Email: _____

Name and bar number: Nathaniel A. Bessey   Bar No. 5026   for Defendants 4, 5, 6. and 7
Firm name: Brann & Isaacson
Mailing Address: P.O. Box 3070
Lewiston, ME 04243-3070
Telephone: 786-3566
Email: nbessey@brannlaw.com

---

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

**MAINE JUDICIAL BRANCH**

**(e) PARTIES IN INTEREST**

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____

Telephone: _____
Email: _____

Name (*first, middle initial, last*): _____
Mailing address (*include county*): _____

Telephone: _____
Email: _____

**(f) ATTORNEY(S)**

If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL parties in interest, specify which parties in interest the listed attorney(s) represents.*

Name and bar number: _____
Firm name: _____
Mailing Address: _____

Telephone: _____
Email: _____

Name and bar number: _____
Firm name: _____
Mailing Address: _____

Telephone: _____
Email: _____

**VII.  RELATED CASE(S) IF ANY**

Case name: _____
Docket Number: _____
Assigned Judge/Justice: _____


Date (*mm/dd/yyyy*): __07/22/22__    ▶   _____
Signature of Plaintiff or Lead Attorney of Record

Stephen C. Whiting
Printed Name of Plaintiff or Attorney

---

ADA Notice: The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
Language Services: For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

## GREGORY and RITA FOX -v.- STATE OF MAINE, et als.

### DEFENDANTS

1. State of Maine
   c/o Aaron M. Frey, AG
   Burton Cross Building, 6th floor
   109 Sewell Street
   Augusta, ME 04333-0006
       626-8800

2. Maine Department of Education
   c/o Commissioner Pender Makin
   11 Sewell Street
   Augusta, ME 04333-0023
       624-6600

3. Commissioner Pender Makin
   Maine Department of Education
   11 Sewell Street
   Augusta, ME 04333-0023
       624-6600

4. Maine School Administrative District 51
   c/o Superintendent Jeffrey Porter
   357 Tuttle Road
   P.O. Box 6A
   Cumberland, ME 04021
       829-4800

5. Superintendent Jeffrey Porter
   Maine School Administrative District 51
   357 Tuttle Road
   P.O. Box 6A
   Cumberland, ME 04021
       829-4800

6. Principal Sally Loughlin
157 Durham Road
Freeport, ME 04032
865-1508

7. Vice Principal Corey Munsey
Mabel I. Wilson School
353 Tuttle Road
Cumberland, ME 04021
829-4825